FILED

DEC 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON BLACHER, | No. 22-55818 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:20-cv-01270-LAB-MDD |
| RALPH DIAZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 18, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Marlon Blacher appeals pro se the district court's grant of summary

judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference and

retaliation while he was incarcerated in California state prisons. The district court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

found that Blacher failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). We review de novo a district court's grant of summary judgment for failure to exhaust. *See Fordley v. Lizarraga*, 18 F.4th 344, 350 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The PLRA's exhaustion requirement is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of showing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). Once the defendant does so, the burden shifts to the prisoner to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

1. Even assuming Blacher's administrative grievances properly raised his claims in this action,[1] Blacher failed to exhaust the multi-level grievance system of the California Department of Corrections and Rehabilitation. Two of his grievances were rejected because Blacher improperly bypassed the required lower levels of review. *See* Cal. Code Regs. tit. 15, § 3084.6(b)(15) (2019). Both grievances were then forwarded to the first level of review, which canceled them

---

[1] We focus our review on Blacher's three grievances that relate to his deliberate indifference and retaliation claims.

2

as untimely. *See id.* § 3084.6(c)(4) (2019). Blacher appealed one cancellation, but his appeal was rejected at the first level of review, and he failed to seek final-level review. *See id.* § 3483(m)(1) (2020). Blacher's third grievance was rejected because it failed to specify who harmed him or what was done to him. *See id.* §§ 3084.2(a)(3), 3084.6(b)(9), 3084.6(b)(13) (2019). He received instructions to cure these deficiencies. But instead of doing so, Blacher resubmitted the same grievance twice; it was rejected both times for the same reasons. *See id.* § 3084.1(b) (2019) ("[A] cancellation or rejection decision does not exhaust administrative remedies.").

2. Construing the evidence in the light most favorable to him, Blacher has not met his burden of showing that administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Blacher first argues that he was not required to exhaust administrative remedies because he was at "imminent risk of harm." Although "imminent danger" is considered in the context of in forma pauperis proceedings, 28 U.S.C. § 1915(g), the PLRA does not provide for such an exception to its exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, . . . whether they allege excessive force or some other wrong.").

Blacher also argues that administrative remedies were unavailable to him

3

because prison staff failed to respond to his grievances. The record shows that prison officials timely processed each of Blacher's grievances in accordance with the governing regulations. *See* Cal. Code Regs. tit. 15, § 3084.8(c)(1)–(3) (2019). Although we construe pro se pleadings liberally, Blacher's unsupported allegations fail to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

**AFFIRMED.**